R. MOORE & Co. *vs.* GENNETT & Co. and others.

April Term, 1875.

ATTACHMENT PROCEEDINGS IN ANOTHER STATE AGAINST A CITIZEN OF, AND STOCK IN, THIS STATE.—A creditor of a citizen of this state can acquire no lien upon the interest of the debtor in stock of an insurance company chartered by, and located in, this state, by proceedings commenced in New York by attachment or garnishment process, served there upon another creditor of the same debtor who holds a certificate of the stock as collateral security, or in pledge, and by summons personally executed on the debtor in this state, as against an attaching creditor of the same stock by proceedings commenced in this state.

*D. F. Wilkin*, for complainants.
*J. A. Cartwright*, for defendants.

THE CHANCELLOR :—The complainants and the defendants Gennett & Co. are creditors of A. A. Spencer, and are

claiming, adversely to each other, the proceeds of fifteen shares of stock in the State Insurance Company, a corporation of this state, after satisfying a debt of Spencer to Rainey & Co., for the security of which the certificate of stock had been assigned to them. The complainants claim under attachment proceedings in the state of New York. Gennett & Co. claim under attachment proceedings in this state. The questions in dispute come before me upon a demurrer by Gennett & Co. to the bill of complainants.

Spencer had assigned his certificate of stock, on the 28th of November, 1870, to Rainey & Co., merchants of the city of New York, as collateral security for a specific debt, and the company were notified of the assignment on the 4th of April, 1872. Gennett & Co. had sued out their attachment on the 9th of May, 1872. Upon a bill of interpleader, filed by the insurance company against Rainey & Co. and Gennett & Co., this court held that the former had the prior right to satisfaction out of the stock, and that the latter were entitled to the residue. *State Ins. Co.* v. *Gennett*, 2 Tenn. Ch. 100. The present complainants were no parties to that suit. On the 6th of June, 1871, as shown by a transcript of the record, they filed an affidavit in the supreme court of the city of New York, to the effect that Spencer was indebted to them in a specified amount; that he was a non-resident of that state and a resident of the state of Tennessee, and that he had property within the state of New York, to wit, " an interest in a considerable quantity of cotton goods now held by Messrs. A. H. Rainey & Co." The court ordered notice to be given to Spencer by publication. A summons was, however, served upon Spencer at Nashville, in this state, on the 10th of October, 1871, and, upon affidavit of such service, a judgment was rendered against him in favor of the complainants for the amount of their claim. At the time of instituting their suit complainants had sued out, in aid thereof, an attachment against " all the property " of the defendant. On the 7th of June, 1871, the sheriff, by virtue of this warrant of attachment, notified Rainey & Co.

that he had levied "upon all the property of A. A. Spencer held by you for his benefit, consisting of all the right, title, and interest of the said Spencer in certain bales of cotton now in your possession, and also upon debts owing by you to said Spencer by reason of any balance due from you to said Spencer on account of mutual business transactions, or upon any other account whatsoever." On the same day Rainey & Co. answered the warrant of attachment by delivering to the sheriff a statement in writing, as follows : "We hereby certify that we have no property in our hands belonging to said A. A. Spencer other than upon which we have made advances, and that, to our best knowledge and belief, the value of said property is not sufficient to pay said Spencer's indebtedness to us." The record does not show any further proceedings on the attachment. The bill insists that complainants have a prior lien on the stock in controversy, and the dividends declared thereon, by virtue of their said attachment in the state of New York, and a prior lien on the dividends since the attachment of Gennett & Co., acquired by their present bill, upon the ground that the attachment of Gennett & Co. only reached the *corpus* of the stock, and not the subsequently accruing dividends.

Gennett & Co. demur to the bill so far as it seeks to reach the stock and its dividends by virtue of the proceedings in the state of New York, because the bill shows on its face that the proceedings are void for want of jurisdiction, both of the person of Spencer and of the stock in controversy. They demur, also, to the bill so far as it seeks to reach the dividends declared since their attachment, because such dividends were covered by their attachment.

A judgment in one state, without personal notice to, summons, or appearance of the defendant, even if it be rendered upon an attachment of property, has no extra territorial validity, and would be clearly not binding in any other state. *Earthman* v. *Jones*, 2 Yerg. 484. The legislature of a state can only bind the persons and property

within its territorial jurisdiction. *Flower* v. *Baker*, 3 Mas. 251; *Wilson* v. *Graham*, 4 Wash. 53; *Graham, Ex parte*, 3 Wash. 456; *Picquet* v. *Swan*, 5 Mas. 40; *Bischoff* v. *Wethered*, 9 Wall. 812; *Tioga R. R. Co.* v. *Blossburg R. R. Co.*, 20 Wall. 147; *Dunn* v. *Dunn*, 4 Paige, 425; *Creed* v. *Byrne*, 1 Hog. 79; *Ewer* v. *Coffin*, 1 Cush. 23. The judgment of the complainants against Spencer, under the proceedings in New York, whether founded upon the personal service made upon Spencer in this state, or upon an attachment of Spencer's property in New York, cannot, therefore, sustain an action in this state.

If, however, the complainants, by virtue of the attachment proceedings, acquired a lien on the stock in controversy on the 7th of June, 1871, that lien might be good, although the personal judgment were of no avail out of the state of New York. For the lien *in rem* might be effectual everywhere, notwithstanding the limited effect of the judgment *in personam*. The sheriff's levy was upon "certain bales of cotton," and "all debts" owing by Rainey & Co. to Spencer. Such a levy would not reach Spencer's interest in the stock in controversy, being the balance after satisfying the debt for which it was pledged. Rainey & Co. are in no sense indebted to Spencer for such balance, which they have never converted, nor sought to convert. They are creditors of Spencer, not his debtors. *Deacon* v. *Oliver*, 14 How. 621. Moreover, there is no judgment of the New York court declaring that the complainants have acquired any lien on the stock by virtue of their proceedings.

The stock in controversy is the stock of an insurance company chartered by, and located in, this state. Rainey & Co. held only a certificate of stock issued to Spencer. If the certificate had been attached, the court would only have had control of the paper, not of the *res*. It could not acquire a right to the stock, under our laws, as against the creditors of Spencer, except by notice to the company. *Clodfelter* v. *Cox*, 1 Sneed, 330. And it would seem to be as contrary to sound principle for the court of one state to

undertake to sell the stock of a corporation of another state, as to undertake to acquire jurisdiction of the person of a citizen of another state by service of process upon him in such state. *Christmas* v. *Biddle*, 13 Penn. 223. The title to stock in an incorporated company, and the mode of reaching it by judicial proceedings, must depend upon the laws of the state in which the corporation is situated. *Smith* v. *State*, 7 Watts & S. 447. In this state such stock could not be reached by legal proceedings *in invitum*, except by statute. *Nashville Bank* v. *Ragsdale*, Peck, 296 ; *Erwin* v. *Oldham*, 6 Yerg. 185.

Stock, *ex vi termini*, implies a right to receive a certain proportion of dividends while the corporation exists. *Union Bank* v. *State*, 9 Yerg. 501 ; *Brightly* v. *Mallory*, 10 Yerg. 196. Dividends are as much an incident to the stock as rent is to the reversion of land, or interest to a debt. Besides, the increase or income of property, after the levy of an attachment, is given to the creditor by the Code, § 3536. The complainants take nothing by their bill, and it must be dismissed with costs.